Maurice H. Caldwell
vs.    No. 84668.
Frederica H. Jenckes

December 10, 1931.

BLODGETT, P. J. Heard without the intervention of a jury.

Action to recover amount claimed due on an oral contract for money advanced by plaintiff to one Allen Yates, then a student in Brown University, while on a trip to Europe.

Plaintiff is a real estate broker in Providence.

Caldwell testified he had known defendant since 1922 and that he and Yates were in college at the same time; that he (Caldwell) graduated in 1924 and was intending to take a trip abroad that summer, and that defendant approached him with a view to having Yates go abroad with him and asked him to prepare an itinerary, and that he told defendant the minimum cost of such a trip; that defendant told him that she desired Yates to polish off his education and get a little culture; that he and Yates started on this trip July 17, 1924; that defendant advanced to Yates $700 or $750 (he could not remember which), that being his suggestion as a minimum; that this money lasted until they got to Musidans, France; that Yates cabled to defendant for money and received $300 in Madrid, Spain; that up to this time he had advanced to Yates $824.25.

No agreement in writing evidences claim of plaintiff. The contract is based upon evidence of plaintiff as follows: (Answer to Q. 212.)

"She (defendant) said 'I am giving him the minimum that you have mentioned. If anything occurs, if there is any unforeseen thing—you can't foresee everything on a European trip or any other trip, then he is with you and you will know what to do to look out for him, and see that he gets the proper stuff, that he sees something and goes to decent places to sleep and eat. Any courtesies that he needs I will look out for.'"

Question 214 (page 34):

"Your understanding and what she said to you was based on the proposition of a ten weeks' trip?

Ans. Altogether a ten weeks' trip.

A. 216. There was no other understanding?

Ans. Not at that time. Neither was there when Mr. Yates sent for me."

There seems to be no doubt from the testimony that the original agreement, whether made with plaintiff or with Yates, was for a ten weeks' trip. When the $750 advanced by defendant was exhausted, plaintiff continued to advance money to Yates, using his own judgment as to whether the advances were necessary. The original trip talked about was extended until February of the following year and covered an itinerary into Spain and Africa.

Plaintiff claims these advances were authorized by letters and cables sent by defendant, but none of these letters or cables are presented in evidence, and that defendant, after plaintiff's return from Europe, made no denial of her responsibility to repay these advances.

Defendant in her testimony specifically denies giving plaintiff any authority to advance any money to Yates and gives an entirely different version to the contents of such cables and letters as were sent to Yates, testifying that the substance of her cables, in which by the way $600 was further sent to Yates, and her letters, was to direct him to come home.

There is a letter to plaintiff in the record, sent after his visits to defendant seeking repayment of the money advanced by him to Yates, which is self-explanatory.

Plaintiff has failed to sustain the burden of proof and decision must be for defendant.

For plaintiff: Harold R. Semple.

For defendant: Henshaw Lindemuth & Baker.